UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOMER EARL HAWKINS,                                        No. C 13-4276 SI (pr)

    Petitioner,                                              **ORDER OF DISMISSAL**

    v.

BARACK OBAMA, President,

    Respondent.
_____/

    In 2005, petitioner was convicted in the San Mateo County Superior Court of residential burglary, robbery, assault with a vehicle likely to produce great bodily injury, and evading a police officer. Sentence enhancement allegations were found true, and he was sentenced to 80 years to life in prison. His federal petition for writ of habeas corpus challenging that conviction, *Hawkins v. Dexter*, C 08-1087 SI, was denied in 2009. This court and the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability.

    Petitioner's current action was opened when he filed a document entitled "petition for a writ of habeas corpus - admiralty violation under [Articl III, Section II]; And Original Jurisdiction: the Constitution (Tit. 28 USC, Sec. 1333)." Docket # 1 at 1 (brackets, parentheses and errors in source). The petition must be dismissed for two separate reasons.

    First, the petition is dismissed because it is frivolous. A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In his petition, petitioner contends that his state

court conviction was invalid because: it violated the laws of admiralty,[1] the state court lacked original jurisdiction over him, he was a secured party, an administrative court may only adjudicate claims relating to artificial entities, the state court did not have a special commission or Letters of Marque from the Governor, the abstract of judgment did not have a supporting judgment lien, he is proceeding as an intervenor in admiralty, and the state court lacked in rem jurisdiction.  The mishmash of legal ideas in the petition for writ of habeas corpus are indisputably meritless insofar as the lawfulness of the conviction is concerned.

Second, the petition is dismissed because petitioner did not first obtain permission from the Ninth Circuit to file it.  A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") an order authorizing this court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  As noted above, petitioner's first habeas petition was denied in 2009.  This court will not entertain a new petition from petitioner until he first obtains permission from the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to petitioner filing a petition in this court after he obtains the necessary order from the Ninth Circuit.

If petitioner wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition.  He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA  94103), rather than to this court.  In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

---

[1] Despite petitioner's repeated references to admiralty, there was nothing nautical about his crimes.  He burglarized a house, and was confronted by the homeowner who drove up to the house in an automobile as petitioner was walking away from the house with stolen property.  *See* Docket # 17 in *Hawkins v. Dexter*, No. C 08-1087 SI.

2

1 | The clerk shall close the file.
2 | IT IS SO ORDERED.
3 | DATED: September 18, 2013

SUSAN ILLSTON
United States District Judge